**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILFREDO HERNANDEZ,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 05 C 1291 |
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Wilfredo Hernandez was convicted by a jury of
conspiracy to possess with intent to distribute cocaine base, in
violation of 21 U.S.C. § 846, and using minors in a narcotics
operation, in violation of 21 U.S.C. § 861. On June 4, 1999, Mr.
Hernandez was sentenced to 360 months of incarceration. Mr.
Hernandez appealed to the Seventh Circuit, which affirmed his
conviction, *see United States v. Hernandez*, 330 F.3d 964 (7th Cir.
2003), and his petition for certiorari to the Supreme Court was
denied on March 8, 2004. *Hernandez v. United States*, 541 U.S. 904
(2004). Mr. Hernandez then moved to vacate, set aside, or correct
his sentence, pursuant to 28 U.S.C. § 2255. For the following
reasons, his motion is denied.

I.

Mr. Hernandez first argues that his sentence violates his
rights under the Fifth and Sixth Amendments, according to the
decision in *United States v. Booker*, 543 U.S. 220 (2005). Mr.

Hernandez argues that the amount of controlled substance charged to him, as well as possession of a firearm and his role in the conspiracy, were not charged in his indictment nor found beyond a reasonable doubt by a jury.  The Seventh Circuit has held, however, that *Booker* is not applicable on collateral review of any judgment that became final before the release of that decision on January 12, 2005.  *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).  Mr. Hernandez's judgment became final before that date, when his petition to the Supreme Court was denied in March of 2004.  Accordingly, his *Booker* claim fails.

Mr. Hernandez also made allegations of prosecutorial misconduct in his initial § 2255 petition.  Specifically, he alleged the prosecutor presented false testimony to the grand jury and did not inform the grand jury that certain witnesses had been granted immunity from prosecution and had failed drug tests.  Mr. Hernandez argued he never raised this issue on direct appeal because he lacked the grand jury transcripts.  On October 26, 2005, I ordered the government to produce copies of the grand jury transcripts to Mr. Hernandez.  The government complied in January 2006.  Mr. Hernandez's subsequent supplemental brief omits any reference to his prosecutorial misconduct claim and does not mention the grand jury transcripts.  Accordingly, to the extent the claim has not already been waived, the only existing allegations of prosecutorial misconduct, which were contained in Mr. Hernandez'

original petition, remain conclusory in nature and unsupported by any objective evidence. Therefore, this claim is denied.

Mr. Hernandez finally alleges that his trial counsel was constitutionally deficient in three ways. Only one ground was alleged in his initial petition, which was that counsel urged Mr. Hernandez to accept the government's plea agreement and cooperate. In his supplemental brief, filed on December 15, 2006, Mr. Hernandez raised two additional allegations of ineffective assistance of counsel, specifically, that counsel was also ineffective because he failed to object to a jury instruction and failed to investigate Raul Rosario's retraction letter.

Ineffective assistance of trial counsel may properly be raised in a § 2255 motion regardless of whether the defendant raised the issue on direct appeal, as long as the defendant presents extrinsic evidence in support of his motion. *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir. 1996) (citations omitted). To prevail, Mr. Hernandez must show that (1) his counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced him with regard to the outcome of the trial. *Id.* at 1179 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

His first allegation of ineffective assistance, that trial counsel perceived a plea agreement to be in his client's best interest and actively attempted to persuade his client in that direction, does not in itself constitute ineffective assistance of

counsel. *See United States v. Carroll,* 412 F.3d 787, 793 (7th Cir. 2005) (advice to pursue plea agreement was not ineffective assistance). Mr. Hernandez has not provided any other allegations or evidence that his counsel did anything but actively attempt to persuade him to plea. Moreover, Mr. Hernandez did not, in fact, plea. Therefore, he could not show any prejudice from his counsel's alleged advice.

The second and third allegations of ineffective assistance of counsel are time barred under § 2255, which provide a one-year statute of limitations from the date on which the judgment of conviction becomes final. Mr. Hernandez's first supplemental brief, asserting new grounds for relief distinct from his initial single claim of ineffective assistance of counsel, was filed twenty-one months after his petition for writ of certiorari was denied. This exceeds the statute of limitations period and does not allege the discovery of new evidence or cause. An amended habeas petition does not relate back when it asserts new grounds for relief that are supported by facts that differ in both time and type from those the original pleading set froth. *See, e.g., Mayle v. Felix*, 545 U.S. 664, 657-62 (2005) ("[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims"). The only facts set forth in support of Mr. Hernandez's original claims, aside from his *Booker* claim, are as follows:

[With regards to the prosecutorial misconduct claim:]

"The prosecutor presented false testimony which was given by Juan Lorenzana. Also the prosecution did not inform the Grand Jury that the informants had been given immunity from other crimes and failed drug tests while working for the government.

[With regards to the ineffective assistance of counsel claim:]

Petitioner did not wish to proceed with trial counsel - Mr. Carl Clavelli - because counsel kept insisting that Petitioner plead guilty and cooperate with the government.

(Pet. at ¶ 12(B)-(C).) Accordingly, Mr. Hernandez's new claims did not arise "out of the same conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading," *id*. (quoting Fed. R. Civ. P. 15(c)(2)), and are time-barred.

II.

For the foregoing reasons, Mr. Hernandez's § 2255 petition is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: November 15, 2007